THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| A&S SPRING VALLEY HOLDINGS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:17-cv-02841 |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY OF CONNECTICUT AND | § | |
| JOHN P. GAY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT THE TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT'S NOTICE OF REMOVAL**

Defendant The Travelers Indemnity Company of Connecticut ("Travelers") files this
Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

**I.**
**INTRODUCTION**

1.      Plaintiff A&S Spring Valley Holdings, LLC ("Plaintiff") commenced this lawsuit
on August 31, 2017, by filing Plaintiff's Original Petition ("Petition") in the 44th Judicial District
Court of Dallas County, Texas, Cause Number DC-17-11324.

2.      This lawsuit arises out of Plaintiff's claim for coverage under a commercial
property insurance policy issued by Travelers for storm damage purportedly sustained by
Plaintiff's Dallas, Texas property during a weather event allegedly occurring on March 22, 2017.
Plaintiff's Petition, which includes a jury demand, asserts several common law and statutory
causes of action against Travelers.

3.      In a transparent attempt to deprive this Court of diversity jurisdiction, Plaintiff's
Petition also asserts causes of action against an in-state insurance adjuster – John P. Gay ("Gay")
– for purported violations of Chapter 541 of the Texas Insurance Code. But, as set forth below,

Gay has been improperly joined as defendant in this lawsuit, because Plaintiff's vague and conclusory allegations against Gay fail to state a claim and provide no reasonable basis for recovery.

4. Travelers was served with Plaintiff's Petition on September 14, 2017 and, therefore, files this Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b).

5. Gay need not consent to removal as Travelers contends Gay was improperly joined.[1] However, to the extent necessary, Gay consents to removal as the undersigned counsel represents both Travelers and Gay in this action.

## II.
## BASIS FOR REMOVAL

6. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district.

7. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.     Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Travelers.**

8. Plaintiff A&S Spring Valley Holdings, LLC is a Texas limited liability company with its principal place of business in Texas. The citizenship of a limited liability company is determined by the citizenship of its members.[2] Plaintiff A&S Spring Valley Holdings, LLC's reported members/managers are Amir Loloi and Soussan Loloi – both of whom are domiciled in Texas. Plaintiff is thus a citizen of Texas for diversity jurisdiction purposes.

---

[1]   *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[2]   *See Carden,* 494 U.S. at 195-96.

9.      Defendant The Travelers Indemnity Company of Connecticut is a Connecticut insurance company with its principal place of business in Connecticut. Travelers is thus a citizen of Connecticut for diversity jurisdiction purposes.

10.     Defendant Gay is an individual domiciled in the State of Texas. However, this Court may disregard Gay's citizenship, because Plaintiff has improperly joined Gay as a defendant in this action in efforts to defeat this Court's jurisdiction. As set forth below, there is no possibility that Plaintiff will be able to establish a cause of action against Gay in this matter.

11.     Because Plaintiff is a citizen of Texas and Travelers – the only properly joined defendant in this action – is a citizen of Connecticut, complete diversity of citizenship exists now and on the date Plaintiff filed this lawsuit.

### (1)    *Plaintiff Improperly Joined Gay as a Defendant to Defeat This Court's Jurisdiction.*

12.     Improper joinder is established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[3] Here, the second alternative applies. Under this second approach, a defendant claiming improper joinder must show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[4]

13.     When evaluating a plaintiff's reasonable possibility of recovery, the Court may conduct "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[5]

---

[3]   *Michels v. Safeco Ins. Co. of Indiana,* No. 13-50321, 544 Fed. Appx. 535, 538, 2013 WL 5935067, *3 (5th Cir. Nov. 6, 2013) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.32d 329, 333 (5th Cir. 2004)).

[4]   *Id.* (quoting *Smallwood,* 385 F.3d at 573.

[5]   *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

And, if the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.[6] This analysis "necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*[, 550 U.S. 544, 547 (2007)]."[7]

14.     Under a Rule 12(b)(6) analysis, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.[8] "Factual allegations must be enough to raise a right to relief above the speculative level."[9] Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.[10] Indeed, as the United States Supreme Court has stated, a pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" is not sufficient and must be dismissed.[11] Finally, to pass muster under a Rule 12(b)(6) analysis, the factual allegations in a petition must state a claim for relief that is plausible on its face.[12] Plausibility requires more than

---

[6]   *Id.*

[7]   *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

[8]   *See Papasan v. Allian,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

[9]   *Id.* (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

[10]  *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005).

[11]  *Ashcroft,* 556 U.S. at 678 (2009).

[12]  *See Twombly,* 550 U.S. at 565.

a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct.[13]

15.     Applying this standard to the present facts, it is clear Plaintiff's Petition fails to establish a reasonable possibility of recovery against Gay. Indeed, rather than alleging specific facts against Gay which (if established) would lead to individual liability, Plaintiff's Petition consistently lumps together factual allegations and causes of action against *both* Travelers and Gay.[14] And, to the extent Plaintiff asserts claims against Gay individually, Plaintiff's Petition sets forth only non-specific and conclusory allegations against Gay, together with near-verbatim quotations of statutory provisions that Plaintiff contends Gay violated.[15] At bottom, Plaintiff's Petition alleges nothing more than that Gay violated Chapter 541 of the Texas Insurance Code. These "naked assertions devoid of further factual enhancement" are insufficient to permit recovery from Gay under Texas law.[16]

---

[13] *See id.*

[14] *See, e.g.,* Plaintiff's Original Petition at ¶10 (tating that "Defendants improperly denied the claim. Defendants did this by undervaluing the hail/wind damage that was evident on the property.") (emphasis added); *see also id.* at ¶¶ 13, 24-28. These collective allegations – which fail to identify any specific wrongdoing purportedly committed by each of the "Defendants" in this action – provide no basis for the Court to predict that Plaintiff might be able to recover against Gay. *See, e.g., Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. 09-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) (finding improper joinder where plaintiff's petition failed to delineate between claims against the insurer based upon the adjuster's conduct and those based upon the insurer's conduct alone); *see also Glen Willows Apartments v. Lexington, Ins. Co.*, No. H–10–2095, 2011 WL 1044206, at *3 (S.D. Tex. March 16, 2011) (holding that adjuster-defendants were improperly joined where plaintiff's "petition fail[ed] to allege any particular instance when [either adjuster-defendant] subjected himself to liability separate and apart from [insurer-defendant]").

[15] *See* Plaintiff's Original Petition at ¶¶29-34.

[16] *Ashcroft,* 556 U.S. at 678 (2009); *see also See Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)*; Patel v. Acceptance Indem. Ins. Company,* No. 4:15-CV-944-A, 2016 WL 361680, at *3 (N.D. Tex. Jan 28, 2016) (McBryde, J.) (holding that substantially similar allegations against in-state adjuster "[were] nothing more than mere conclusions," thus making the plaintiff's lawsuit "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster . . . in an effort to avoid removal of the case from state court to federal court"); *Weber Paradise Apartments, LP v. Lexington Ins. Co.*, 2013 WL 2255256, at *8 (N.D. Tex. May 23, 2013) (Lindsay, J.) (quoting *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999) ("The mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's [more lenient] 'fair notice'

16.     Even if Plaintiff's Petition offered more than conclusory allegations and formulaic recitations of the causes of action collectively asserted against Travelers _and_ Gay, which it does not, Plaintiff's Petition would nevertheless fall short of establishing a viable cause of action against Gay. Indeed, this Court has held – as a substantive matter – that individual insurance adjusters (like Gay) cannot be held liable on the various statutory claims asserted against Gay in Plaintiff's Petition.[17]

### *(2)     Plaintiff's Petition Bears the "Badges of Improper Joinder."*

17.     Plaintiff's Petition not only fails to allege facts sufficient to permit recovery from Gay in this lawsuit, but also bears two of the three "badges of improper joinder" previously recognized by this Court.[18]

18.     The first badge of improper joinder is present when the insured-plaintiff uses a boilerplate petition "purposely designed to defeat federal court jurisdiction."[19] Here, Plaintiff's factual allegations against Gay mirror the factual allegations in several other state-court petitions

---

pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'").

[17]  *See, e.g., Gutierrez v. Allstate Fire and Casualty Ins. Co*., No. 3:17-CV-0636-D, 2017 WL 2378298, at *3-*4 (N.D. Tex. June 1, 2017) (Fitzwater, J.) (holding that adjuster-defendant was improperly joined because, in executing his duties as an adjuster, the adjuster-defendant could not be held liable for purported violations of Section 541 of the Texas Insurance Code); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 723-24 (N.D. Tex. 2014) (Solis, J.) (holding that adjuster-defendant was improperly joined because, in executing his duties as an adjuster, the adjuster-defendant could not be held liable for alleged violations of Section 542 of the Texas Insurance Code or the Texas Deceptive Trade Practices Act); *cf. Slabaugh v. Allstate Ins. Co.*, No. 4:15-CV-115, 2015 WL 4046250, at *4, 8-10 (E.D. Tex. June 30, 2015) (adopting Magistrate Judge's conclusion that adjuster-defendant was improperly joined because, in executing his duties as an adjuster, the adjuster-defendant could not be held liable for purported violations of Section 541 of the Texas Insurance Code or the Texas Deceptive Trade Practices Act).

[18]  *See Plascencia v. State Farm Lloyds,* No. 4:14-CV-00524-A, 2014 WL 11474841, at *6-*7 (N.D. Tex. Sept. 25, 2014) (McBryde, J.) (identifying and discussing three "badges of improper joinder"); *cf. Whitesboro Inn and Suites v. United Fire & Cas. Co.*, No. 4:16-cv-87, 2016 WL 9131957, *4 (E.D. Tex. Apr. 26, 2016) (same).

[19]  *Plascencia*, 2014 WL 11474841 at *6.

---

filed by Plaintiff's counsel in unrelated storm-damage lawsuits.[20] Only the names of the individual adjusters and insurance carriers differ; the boilerplate allegations in each petition are nearly identical, stating (in purely conclusory form) that the adjuster-defendant "conducted a substandard investigation and inspection of the property" at issue, "prepared a report that failed to include all of the damages . . . noted during the inspection," and "undervalued the damages . . . observed during the inspection."[21]

19.     With respect to another badge of improper joinder, Plaintiff has no "plausible reason for suing [Gay] other than to defeat diversity jurisdiction."[22] The core of Plaintiff's complaint in this lawsuit is that Travelers undervalued Plaintiff's insurance claim and failed to pay benefits purportedly owed to Plaintiff under the Travelers policy. There is no credible reason why a favorable judgment on Plaintiff's claims against Travelers (if warranted) would fail to afford Plaintiff full and complete relief. Nor is there any "suggestion that a recovery by [P]laintiff against [Gay] would provide any financial gain to [P]laintiff."[23] It is thus clear that Plaintiff's claims against Gay are intended solely to deprive this Court of jurisdiction.

**C.     Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

20.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Travelers' burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[24] .

---

[20]   *See generally* Exhibit A-1-a through Exhibit A-1-c.

[21]   *Id.*

[22]   *Plasencia*, 2014 WL 11474841 at *7.

[23]   *Id.*

[24]   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

21.     Here, Plaintiff's Petition states that Plaintiff "seeks monetary relief over $1,000,000."[25] It is thus facially apparent that Plaintiff's claim exceeds this Court's jurisdictional threshold of $75,000.

# III.
# CONCLUSION

22.     Because Gay was improperly joined as a defendant in this action, Gay's citizenship should be disregarded for purposes of determining diversity jurisdiction. Accordingly, removal is proper because complete diversity of citizenship exists between Plaintiff and Travelers, and the amount in controversy in this lawsuit exceeds $75,000.

23.     As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice of Removal:

a.     an index of all documents attached to (or filed with) this Notice of Removal that clearly identifies each such document and indicates the date the document was filed in state court (if applicable) – identified as Exhibit A-2;

b.     a copy of the docket sheet in the state court action – identified as Exhibit A-2-a;

c.     each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date) – identified as Exhibit A-2-b through Exhibit A-2-f; and

d.     a separately signed certificate of interested persons that complies with Local Rule 3.1(c) – identified as Exhibit A-3.

---

[25]  Plaintiff's Original Petition at ¶5.

24.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the District Clerk of Dallas County, Texas, promptly after Travelers' filing of the notice. True and correct copies of this Notice of Removal will also be provided to all adverse parties in accordance with 28 U.S.C. § 1446(d) and the Federal Rules of Civil Procedure.

WHEREFORE, Defendant The Travelers Indemnity Company of Connecticut requests that this action be removed from the 44th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

ZELLE LLP

By: /s/ James W. Holbrook, III
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    Walter W. Cardwell IV
    Texas Bar No. 24094419
    wcardwell@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant The Travelers Indemnity Company of Connecticut's Notice of Removal was served on all counsel of record on October 16, 2017, in accordance with the Federal Rules of Civil Procedure, as follows:

Marc K. Whyte
**WHYTE PLLC**
1045 Cheever Boulevard, Suite 103
San Antonio, Texas 78217
Telephone: (210) 562-2888
Facsimile: (210) 562-2873
E-Mail: mwhyte@whytepllc.com
E-Mail: jsaenz@whytepllc.com
***Counsel for Plaintiff***

*/s/ James W. Holbrook, III*
James W. Holbrook, III