# Exhibit A

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

A&S SPRING VALLEY HOLDINGS LLC,          §
                                         §
          Plaintiff,                     §
                                         §
v.                                       §
                                         §     CIVIL ACTION NO. 3:17-cv-02841
THE TRAVELERS INDEMNITY                  §
COMPANY OF CONNECTICUT AND               §
JOHN P. GAY,                             §
                                         §
          Defendant.                     §

## INDEX OF EXHIBITS FIELD WITH
## DEFENDANT'S NOTICE OF REMOVAL

Exhibit A-1    State Court Petition filed by Plaintiff's Counsel in Unrelated Storm-Damage Lawsuits

Exhibit A-2    Index of All Documents Filed in the State Court Action

    Exhibit A-2-a    Docket Sheet in the State Court Action

    Exhibit A-2-b    Plaintiff's Original Petition
                Filed:      August 31, 2017

    Exhibit A-2-c    Return of Citation on Defendant The Travelers Indemnity Company of Connecticut
                Filed:      September 21, 2017

    Exhibit A-2-d    Return of Citation on Defendant John P. Gay
                Filed:      September 21, 2017

    Exhibit A-2-e    Defendants' Answer to Plaintiff's Original Petition
                Filed:      October 9, 2017

    Exhibit A-2-f    Court's Order Setting Scheduling Conference and Notice of Policies
                Signed:  October 9, 2017

Exhibit A-3    Defendant The Travelers Indemnity Company of Connecticut's Certificate of Interested Persons and Rule 7.1 Disclosure Statement

# Exhibit A-1

# Exhibit A-1-a

FILED
DALLAS COUNTY
8/13/2016 3:42:03 PM
FELICIA PITRE
DISTRICT CLERK

David Hernandez

DC-16-07283

CAUSE NO._____

| | | |
|---|---|---|
| ROCKBROOK REALTY, LTD. | § | IN THE DISTRICT COURT |
| (10561 GOODNIGHT LANE) | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| THE TRAVELERS LLOYDS INSURANCE | § | |
| COMPANY and BRYAN JONES | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

ROCKBROOK REALTY, LTD. (10561 GOODNIGHT LANE), Plaintiff herein, files this Original Petition against Defendants THE TRAVELERS LLOYDS INSURANCE COMPANY and BRYAN JONES and, in support of Plaintiff's causes of action, would respectfully show the Court the following:

### I.    THE PARTIES

1.    Plaintiff is a Texas resident who resides and conducts business in DALLAS County, Texas. Said property is located at: <u>10561 GOODNIGHT LANE, DALLAS, TEXAS 75354</u>.

2.    **THE TRAVELERS LLOYDS INSURANCE COMPANY** is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas: **Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701 -3218.**

3.    **BRYAN JONES** is a Texas resident who participated in adjusting Plaintiff's insurance claim, and he may be served via certified mail at: **c/o The Travelers Loyds Insurance Company, PO Box 660452, Dallas, Texas 78266.**

1

## II. DISCOVERY

4.    This case is intended to be governed by Discovery Level 3.

## III. CLAIM FOR RELIEF

5.    The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV. JURISDICTION AND VENUE

6.    This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.    Venue is proper in DALLAS County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V. FACTUAL BACKGROUND

8.    Plaintiff is a named insured under a commercial property insurance policy issued by THE TRAVELERS LLOYDS INSURANCE COMPANY.

2

9.     On or about MAY 24, 2011, a storm hit the DALLAS County area, damaging Plaintiff's commercial property.   Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.    Defendants improperly denied and/or underpaid the claim.

11.    BRYAN JONES was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.    BRYAN JONES's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.    Moreover, THE TRAVELERS LLOYDS INSURANCE COMPANY and BRYAN JONES performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.


## VI. CAUSES OF ACTION

14.    Each of the foregoing paragraphs is incorporated by reference in the following:

### A.    Breach of Contract (THE TRAVELERS LLOYDS INSURANCE COMPANY Only)

15.    THE TRAVELERS LLOYDS INSURANCE COMPANY had a contract of insurance with Plaintiff. THE TRAVELERS LLOYDS INSURANCE COMPANY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

18.    On June 8, 2015, JL Consultants completed an Estimate of Damages which indicates that the total replacement cost value of the damages to Plaintiff's commercial property is $366,127.64. JL Consultants estimate not only included the repairs to the roof, but also included

3

repairs to the exterior of the building and repairs to the interior of the building caused by storm-related damage.

19.    THE TRAVELERS LLOYDS INSURANCE COMPANY wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, THE TRAVELERS LLOYDS INSURANCE COMPANY breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

**B.    Prompt Payment of Claims Statute (THE TRAVELERS LLOYDS INSURANCE COMPANY Only)**

20.    The failure of THE TRAVELERS LLOYDS INSURANCE COMPANY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

21.    Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

22.    Specifically, the damage to Plaintiff's commercial property occurred as a result of a wind/hail storm that occurred on MAY 24, 2011. Accordingly, it has been well over sixty (60) days since the date the damage occurred to the Plaintiff's commercial property (in accordance with Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.    Bad Faith/DTPA (THE TRAVELERS LLOYDS INSURANCE COMPANY and BRYAN JONES)**

23.    Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

24.    Defendants violated § 541.051 of the Texas Insurance Code by:

(1)    making statements misrepresenting the terms and/or benefits of the policy.

25.     Defendants violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

26.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

27.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

28.     Defendants have violated the Texas Deceptive Trade Practices Act in the

5

following respects:

(1)    Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)    THE TRAVELERS LLOYDS INSURANCE COMPANY failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)    THE TRAVELERS LLOYDS INSURANCE COMPANY, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, such as for repairs to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that THE TRAVELERS LLOYDS INSURANCE COMPANY took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

29.    Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

30.    On June 4, 2015, JL Consultants completed an Estimate of Damages which indicates that the total replacement cost value of the damages to Plaintiff's commercial property is $366,127.64. JL Consultants estimate not only included the repairs to the roof, but also included repairs to the exterior of the building and repairs to the interior of the building caused by storm-related damage.

31.    THE TRAVELERS LLOYDS INSURANCE COMPANY wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, THE TRAVELERS LLOYDS INSURANCE COMPANY wrongfully denied the claim to the detriment of the Plaintiff.

**D.    Actionable Conduct of Adjuster (BRYAN JONES)**

32.    With regard to the adjuster Defendant named herein, Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm. Consequently, Defendant significantly underpaid the claim to the detriment of the insured. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

33.    Further, the above named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in underpayment

7

to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business. The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

### E.   Attorneys' Fees

34.   Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

35.   Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

36.   Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

37.   All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII. **DEMAND FOR JURY**

38.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. **DISCOVERY REQUESTS**

39.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

40.     You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:    (210) 562-2888
Telecopier:   (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

10

Exhibit A-1-b

FILED
3/8/2017 5:44:36 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Brenda Carrillo

2CITSCML/SAC1 W/JD

## 2017CI04348

CAUSE NO._____

| | | |
|---|---|---|
| HOTEL INDIGO AT THE ALAMO | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| VS. | § | 224TH  JUDICIAL DISTRICT |
| | § | |
| TRAVELERS PROPERTY | § | |
| CASUALTY COMPANY OF AMERICA | § | |
| and ANTHONY TRAVON COLEMAN | § | BEXAR COUNTY, TEXAS |
|     Defendants | § | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**HOTEL INDIGO AT THE ALAMO,** Plaintiff herein, files this Original Petition against Defendants TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and ANTHONY TRAVON COLEMAN and,  in support of Plaintiff's causes of action, would respectfully show the Court the following:

### I. THE PARTIES

1.      Plaintiff is a Texas resident who resides and conducts business in BEXAR County, Texas. Said property is located at:  105 NORTH ALAMO ST., SAN ANTONIO, TEXAS 78205.

2.      **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** is a foreign corporation, authorized to engage in the insurance business in the State of Texas, and who issued a policy of insurance to Plaintiff named above. The Defendant may be served by serving its registered agent: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**

3.      Defendant, **ANTHONY TRAVON COLEMAN,** is a licensed insurance adjuster

1

residing in the State of Texas, and may be served with process of service by certified mail, return

receipt requested, at: C/O ANTHONY TRAVON COLEMAN, 602 Point Meadow, San Antonio,

Texas 78253.

## II. DISCOVERY

4.      This case is intended to be governed by Discovery Level 3.

## III. CLAIM FOR RELIEF

5.      The damages sought are within the jurisdictional limits of this court.  Plaintiff

currently seeks monetary relief over $200,000 but not more than $1,000,000, including damages

of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  However, to

the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted

objections, file needless motions, quash depositions and discovery requests without a reasonable

basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire

individuals they claim to be "experts" who give false opinions or testimony, produce witnesses

who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the

costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than

$1,000,000.

## IV. JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction of this cause of action because it

involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

No diversity of citizenship exists in this matter.

7.      Venue is proper in BEXAR County under Tex. Civ. Prac. & Rem.

Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the

claim occurred in said County. In particular, the loss at issue occurred in this County.

## V. FACTUAL BACKGROUND

8.      Plaintiff is a named insured under a commercial property insurance policy issued by TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA.

9.      On or about APRIL 12, 2016, a storm hit the BEXAR County area, damaging Plaintiff's commercial property. Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.     Defendants improperly denied and/or underpaid the claim. Defendants did this by stating that no hail/wind damage was evident on the property and that the property owner did not have hail/wind coverage (which it did).

11.     ANTHONY TRAVON COLEMAN was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.     ANTHONY TRAVON COLEMAN's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI. CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

3

**I.     Breach of Contract (TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA)**

15.     TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA had a contract of insurance with Plaintiff.  TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

16.     Specifically, ANTHONY TRAVON COLEMAN ("Coleman"), Claim Professional for TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, stated after completion of the October 18, 2016 inspection, wherein Coleman states the damages sustained on site are not related to the reported hail storm.

17.     As a result of Coleman's material misrepresentation stating no hail damage was observed, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

**II.     Prompt Payment of Claims Statute (TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA Only)**

18.     The failure of TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

19.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

20.     Failing to acknowledge or investigate the claim or to request from Plaintiff all

4

items, statements, and forms Travelers reasonably believed would be required within the time

constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its

acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins.

Code § 542.056; and/or Delaying payment of the Claim following Travelers' receipt of all items,

statements, and forms reasonably requested and required, longer than the amount of time

provided by Tex. Ins. Code § 542.058.

21.    Specifically, the damage to Plaintiff's commercial property occurred as a result of

a wind/hail storm that occurred on APRIL 12, 2016. Accordingly, it has been well over sixty (60)

days since the date the damage occurred to the Plaintiff's commercial property (in accordance with

Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to

18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

III.    **Unfair Settlement Practices / Bad Faith (TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA)**

   A.    **Actionable Conduct of Defendant (TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA)**

22.    Defendants are required to comply with Chapter 541 of the Texas Insurance

Code.

23.    Defendants violated § 541.051 of the Texas Insurance Code by:

      (1)    making statements misrepresenting the terms and/or benefits of the policy.

24.    Defendants violated § 541.060 by:

      (1)    misrepresenting to Plaintiff a material fact or policy provision relating to

coverage at issue;

      (2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable

settlement of a claim with respect to which the insurer's liability had become reasonably clear;

5

(3      failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)      failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)      refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

25.      Defendants violated § 541.061 by:

(1)      making an untrue statement of material fact;

(2)      failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3      making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)      making a material misstatement of law; and

(5)      failing to disclose a matter required by law to be disclosed.

26.      At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

**B.      Actionable Conduct of Defendant (ANTHONY TRAVON COLEMAN)**

27.      Defendant COLEMAN, as a contractor and/or adjuster assigned by TRAVELERS to assist with adjusting the Claim. With regard to the adjuster Defendant named herein, Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendant adjuster also

6

misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm. Consequently, Defendant significantly underpaid the claim to the detriment of the insured. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

28.     Further, the above named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in underpayment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business. The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

29.     Specifically, ANTHONY TRAVON COLEMAN ("Coleman"), Claim Professional for TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, stated

7

after completion of the October 18, 2016 inspection, wherein Coleman states the damages sustained on site are not related to the reported hail storm.

30.    As a result of Coleman's material misrepresentation stating no hail damage was observed and that there was no coverage, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property.    Consequently, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

## IV.    Breach of Duty of Good Faith and Fair Dealing Against TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

31.    Defendant, Travelers Property Casualty Company of America, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Travelers knew or should have known liability was reasonably clear. Defendant, Travelers is therefore liable to Plaintiff.

## V.    Attorneys' Fees

32.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

33.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

8

34.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in

prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152

542.060 of the Texas Insurance Code.


### VII. CONDITIONS PRECEDENT

35.     All conditions precedent to Plaintiff's right to recover have been fully performed,

or have been waived by Defendants.

### VIII. DEMAND FOR JURY

36.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein

requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of

the Court the statutory jury fee.

### IX. DISCOVERY REQUESTS

37.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after

service of this request, the information or material described in Rule 194.2(a)-(l).

38.     You are also requested to respond to the attached interrogatories, requests for

production and requests for admissions within fifty (50) days, in accordance with the instructions

stated therein.

### IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing

of the case, Plaintiff recover all damages from and against Defendants that may reasonably be

established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees

through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such

other and further relief, general or special, at law or in equity, to which Plaintiff may show it be

9

justly entitled.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:     (210) 562-2888
Telecopier:    (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____

    MARC K. WHYTE
    State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

Exhibit A-1-c

141-294236-17

FILED
TARRANT COUNTY
8/29/2017 11:20 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO._____

| | | |
|---|---|---|
| SA FIVE STAR CLEANERS, INC. | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| SECURITY NATIONAL | § | |
| INSURANCE COMPANY and | § | |
| KAYLYNN STEFFEN | § | TARRANT COUNTY, TEXAS |
|     Defendants | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**SA FIVE STAR CLEANERS, INC.,** Plaintiff herein, files this Original Petition against

Defendants SECURITY NATIONAL INSURANCE COMPANY ("ALLIED") and KAYLYNN

STEFFEN ("STEFFEN") and, in support of Plaintiff's causes of action, would respectfully show

the Court the following:

### I. THE PARTIES

1.      Plaintiff is a Texas resident who resides and conducts business in TARRANT

County, Texas.  Said property is located at: 2440 Ballpark Way, Arlington, Texas 76006.

2.      **SECURITY NATIONAL INSURANCE COMPANY** is a foreign corporation,

authorized to engage in the insurance business in the State of Texas, and who issued a policy of

insurance to Plaintiff named above.  The Defendant may be served by serving its registered agent:

Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.  **Service**

**is requested by certified mail, return receipt requested at this time.**

3.      Defendant, **KAYLYNN STEFFEN**, is a licensed insurance adjuster residing in the

1

State of Texas, and may be served with process of service by certified mail, return receipt requested, at: C/O KAYLYNN STEFFEN, Amtrust Group, 12790 Merit Dr., Ste. 200, Dallas, Texas 75251-1276.

## II. DISCOVERY

4.      This case is intended to be governed by Discovery Level 3.

## III. CLAIM FOR RELIEF

5.      As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.  A jury, however, will ultimately determine the amount of monetary relief actually awarded.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## IV. JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Venue is proper in TARRANT County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V. FACTUAL BACKGROUND

8.      Plaintiff is a named insured under a commercial property insurance policy

issued  by SECURITY NATIONAL INSURANCE COMPANY..

9.      On or about APRIL 12, 2016, a storm hit the TARRANT County area, damaging Plaintiff's commercial property.   Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.      Defendants improperly denied the claim. Defendants did this by undervaluing the hail/wind damage that was evident on the property.

11.      KAYLYNN STEFFEN was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property on June 4, 2016, and prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.      KAYLYNN STEFFEN's unreasonable investigation led to the denial of Plaintiff's claim.

13.      Moreover, ALLIED and STEFFEN performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

14.      Plaintiff requested that Defendant ALLIED cover the cost of repairs to the Property pursuant to the Policy, including but not limited to: repair and/or replacement of the roof and repair of the interior and exterior damages to the Property.

## VI. CAUSES OF ACTION

15.      Each of the foregoing paragraphs is incorporated by reference in the following:

### I.      Breach of Contract (SECURITY NATIONAL INSURANCE COMPANY Only)

16.      SECURITY NATIONAL INSURANCE COMPANY had a contract of insurance with Plaintiff.   ALLIED breached the terms of that contract by wrongfully denying and

3

undervaluing the claim and Plaintiff was damaged thereby.

17.    As a result of STEFFEN's material misrepresentation, ALLIED wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, ALLIED breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

18.    To date, Defendant ALLIED continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their Property.

19.    Defendant ALLIED failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant ALLIED's conduct constitutes a breach of the insurance contract between ALLIED and Plaintiff.

## II.    Prompt Payment of Claims Statute (SECURITY NATIONAL INSURANCE COMPANY Only)

20.    The failure of ALLIED to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

21.    Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

22.    Failing to acknowledge or investigate the claim or to request from Plaintiff all

4

items, statements, and forms ALLIED reasonably believed would be required within the time

constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its

acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins.

Code § 542.056; and/or Delaying payment of the Claim following ALLIED's receipt of all items,

statements, and forms reasonably requested and required, longer than the amount of time

provided by Tex. Ins. Code § 542.058.

23.     Specifically, the damage to Plaintiff's commercial property occurred as a result of

a wind/hail storm that occurred on APRIL 12, 2016. Accordingly, it has been well over sixty (60)

days since the date the damage occurred to the Plaintiff's commercial property (in accordance with

Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to

18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

III.    **Unfair Settlement Practices / Bad Faith (SECURITY NATIONAL INSURANCE
        COMPANY and KAYLYNN STEFFEN)**

        A.      **Actionable Conduct of Defendant (SECURITY NATIONAL INSURANCE
                COMPANY.)**

        24.     Defendants are required to comply with Chapter 541 of the Texas Insurance

Code.

        25.     Defendants violated § 541.051 of the Texas Insurance Code by:

                (1)     making statements misrepresenting the terms and/or benefits of the policy.

        26.     Defendants violated § 541.060 by:

                (1)     misrepresenting to Plaintiff a material fact or policy provision relating to

coverage at issue;

                (2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable

settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3      failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)      failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)      refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

27.      Defendants violated § 541.061 by:

(1)      making an untrue statement of material fact;

(2)      failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3      making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)      making a material misstatement of law; and

(5)      failing to disclose a matter required by law to be disclosed.

28.      At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

**B.      Actionable Conduct of Defendant (KAYLYNN STEFFEN)**

29.      Defendant STEFFEN, as a contractor and/or adjuster assigned by ALLIED to assist with adjusting the Claim.  With regard to the adjuster Defendant named herein, Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendant adjuster also misrepresented the

6

true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm. Consequently, Defendant significantly underpaid the claim to the detriment of the insured. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

30.     STEFFEN's adjustment of the claim fraudulently, wrongfully, deceptively and negligently denied the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiffs receiving nothing from ALLIED to cover the losses sustained by Plaintiffs to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and conditions of the Policy for which Plaintiffs were responsible.

31.     Defendant STEFFEN's conducted a substandard and incomplete inspection of Plaintiff's Property. Plaintiff's damages were noted in an inaccurate report and/or estimate of Plaintiff's Storm damages, which failed to include many of the damages noted upon inspection and grossly underestimated and undervalued those damages that were included.

32.     Further, the above-named adjuster in this litigation committed various acts and

omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in a denial of payment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business. The above-named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

33.    As a result of STEFFEN's material misrepresentation, ALLIED wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, ALLIED breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

34.    STEFFEN failed to and/or refused to properly interview the Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition.

## IV.    Breach of Duty of Good Faith and Fair Dealing Against SECURITY NATIONAL INSURANCE COMPANY.

35.    Defendant, ALLIED, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when ALLIED knew or should have known liability was reasonably clear. Defendant, ALLIED, is therefore liable to Plaintiff.

36.     The mishandling of Plaintiffs' claim has also caused a delay in the ability to fully repair the Property, which has resulted in additional damages.  To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy and have not been able to fully repair or replace the damage to the insured Property.

## V.     Attorneys' Fees

37.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

38.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

39.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

40.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

9

### VIII. DEMAND FOR JURY

41.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

### IX. DISCOVERY REQUESTS

42.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

43.     You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

### X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Telecopier:    (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
    MARC K. WHYTE
    State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

11

Exhibit A-2

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| A&S SPRING VALLEY HOLDINGS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:17-cv-02841 |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY OF CONNECTICUT AND | § | |
| JOHN P. GAY, | § | |
| | § | |
| Defendant. | § | |

## INDEX OF DOCUMENTS FILED IN THE STATE COURT ACTION

Exhibit A-2-a     Docket Sheet in the State Court Action

Exhibit A-2-b     Plaintiff's Original Petition
Filed:     August 31, 2017

Exhibit A-2-c     Return of Citation on Defendant The Travelers Indemnity Company of Connecticut
Filed:     September 21, 2017

Exhibit A-2-d     Return of Citation on Defendant John P. Gay
Filed:     September 21, 2017

Exhibit A-2-e     Defendants' Answer to Plaintiff's Original Petition
Filed:     October 9, 2017

Exhibit A-2-f     Court's Order Setting Scheduling Conference and Notice of Policies
Signed:     October 9, 2017

Exhibit A-2-a

## Case Information

DC-17-11324 | A&S SPRING VALLEY HOLDINGS LLC vs. THE
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-17-11324 | 44th District Court | GOLDSTEIN, BONNIE LEE |

| File Date | Case Type | Case Status |
|---|---|---|
| 08/31/2017 | CNTR CNSMR COM DEBT | OPEN |

## Party

PLAINTIFF
A&S SPRING VALLEY HOLDINGS LLC

Address
4501 SPRING VALLEY RD
DALLAS TX 75244

Active Attorneys ▾
Lead Attorney
WHYTE, MARC K
Retained

Work Phone
210-562-2888 📞ⓢ

Fax Phone
210-562-2873 📞ⓢ

DEFENDANT
THE TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT

Address
BY SERVING ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN TX 78701

Active Attorneys ▾
Lead Attorney
GIBBS, JENNIFER
L.
Retained

Work Phone
214-742-3000 📞ⓢ

Fax Phone
214-760-8994 📞ⓢ

DEFENDANT
GAY, JOHN P.

Active Attorneys ▾
Lead Attorney

1301 E. COLLINS BLVD
RICHARDSON TX 75081-2474

L.
Retained

Work Phone
214-742-3000

Fax Phone
214-760-8994

## Events and Hearings

08/31/2017 NEW CASE FILED (OCA) - CIVIL

08/31/2017 ORIGINAL PETITION ▼

Plaintiffs Original Petition_A&S Spring Valley.pdf

08/31/2017 ISSUE CITATION ▼

ISSUE CITATION

ISSUE CITATION

Comment
TTICOC-9214 8901 0661 5400 0112 1669 28 / JPG-9214 8901
0661 5400 0112 1674 82

08/31/2017 JURY DEMAND

09/01/2017 CORRESPONDENCE - LETTER TO FILE ▼

09.01.17 Ltr to DC re Fees - A&S Spring Valley.pdf

Comment
PAYMENT FOR CIT

09/11/2017 CITATION ▼

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

09/21/2017
Anticipated Server
CERTIFIED MAIL

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
09/21/2017
Comment
CERT MAIL / BH

09/21/2017 RETURN OF SERVICE ▼

RETURN OF SERVICE

Comment
CITATION EXECUTED THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT

09/21/2017 RETURN OF SERVICE ▼

RETURN OF SERVICE

Comment
CITATION EXECUTED JOHN P. GAY

10/09/2017 ORIGINAL ANSWER - GENERAL DENIAL ▼

efile Defendants' Answer to POP 10.9.17.pdf

Comment
DEFENDANTS

10/09/2017 NOTE - CLERKS ▼

Comment
ANSWER SUBMITTED

10/09/2017 ORDER - SETTING SCHEDULING CONF ▼

ORDER - SETTING SCHEDULING CONF

Comment
& NOTICE OF POLICIES

11/03/2017 Scheduling Conference ▼

Judicial Officer
GOLDSTEIN, BONNIE LEE

Hearing Time
9:00 AM

## Financial

A&S SPRING VALLEY HOLDINGS LLC
    Total Financial Assessment                                   $543.00
    Total Payments and Credits                                  $543.00

| Date | Description | | | Amount |
|---|---|---|---|---|
| 9/1/2017 | Transaction Assessment | | | $532.00 |
| 9/1/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 56904-2017-DCLK | A&S SPRING VALLEY HOLDINGS LLC | ($532.00) |
| 9/7/2017 | Transaction Assessment | | | $16.00 |
| 9/7/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 57793-2017-DCLK | A&S SPRING VALLEY HOLDINGS LLC | ($16.00) |
| 9/27/2017 | Transaction Assessment | | | $0.00 |

## Documents

Plaintiffs Original Petition_A&S Spring Valley.pdf

09.01.17 Ltr to DC re Fees - A&S Spring Valley.pdf

ISSUE CITATION

RETURN OF SERVICE

RETURN OF SERVICE

efile Defendants' Answer to POP 10.9.17.pdf

ORDER - SETTING SCHEDULING CONF

Exhibit A-2-b

FILED
DALLAS COUNTY
8/31/2017 3:35 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

CAUSE NO. DC-17-11324

| | | |
|---|---|---|
| A&S SPRING VALLEY HOLDINGS LLC | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY OF CONNECTICUT and | § | |
| JOHN P. GAY | § | DALLAS COUNTY, TEXAS |
| Defendants | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**A&S SPRING VALLEY HOLDINGS LLC**, Plaintiff herein, files this Original Petition

against Defendants, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

("TRAVELERS") and JOHN P. GAY ("GAY") and, in support of Plaintiff's causes of action,

would respectfully show the Court the following:

## I. THE PARTIES

1.     Plaintiff is a Texas resident who resides and conducts business in DALLAS County,

Texas.  Said property is located at: 4501 Spring Valley Rd., Dallas, Texas 75244.

2.     **THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT** is a

foreign corporation, authorized to engage in the insurance business in the State of Texas, and who

issued a policy of insurance to Plaintiff named above.  The Defendant may be served by serving its

registered agent: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas**

**78701-3218.** Service is requested by certified mail, return receipt requested at this time.

1

3.     Defendant, **JOHN P. GAY,** is a licensed insurance adjuster residing in the State of Texas, and may be served with process of service by certified mail, return receipt requested, at: **JOHN P. GAY, 1301 E. Collins Blvd., Richardson, Texas 75081-2474.**

## II. DISCOVERY

4.     This case is intended to be governed by Discovery Level 3.

## III. CLAIM FOR RELIEF

5.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief over $1,000,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.  A jury, however, will ultimately determine the amount of monetary relief actually awarded.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## IV. JURISDICTION AND VENUE

6.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.     Venue is proper in DALLAS County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

2

## V. FACTUAL BACKGROUND

8.      Plaintiff is a named insured under a commercial property insurance policy issued by THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT.

9.      On or about MARCH 22, 2017, a storm hit the DALLAS County area, damaging Plaintiff's commercial property. Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.      Defendants improperly denied the claim. Defendants did this by undervaluing the hail/wind damage that was evident on the property.

11.      JOHN P. GAY was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property on July 5, 2017, and prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.      JOHN P. GAY's unreasonable investigation led to the denial of Plaintiff's claim.

13.      Moreover, TRAVELERS and GAY performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

14.      Plaintiff requested that Defendant TRAVELERS cover the cost of repairs to the Property pursuant to the Policy, including but not limited to: repair and/or replacement of the roof and repair of the interior and exterior damages to the Property.

## VI. CAUSES OF ACTION

15.      Each of the foregoing paragraphs is incorporated by reference in the following:

I.      **Breach of Contract (THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT Only)**

16.      THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT had a

3

contract of insurance with Plaintiff.   TRAVELERS breached the terms of that contract by wrongfully denying and undervaluing the claim and Plaintiff was damaged thereby.

17.     As a result of GAY's material misrepresentation, TRAVELERS wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, TRAVELERS breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

18.     To date, Defendant TRAVELERS continues to delay in the payment for the damages to the Property.   As such, Plaintiffs have not been paid in full for the damages to their Property.

19.     Defendant TRAVELERS failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.   Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.   Defendant TRAVELERS's conduct constitutes a breach of the insurance contract between TRAVELERS and Plaintiff.

## II.     Prompt Payment of Claims Statute (THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT Only)

20.     The failure of TRAVELERS to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

21.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

22.     Failing to acknowledge or investigate the claim or to request from Plaintiff all

4

items, statements, and forms TRAVELERS reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the Claim following TRAVELERS's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

23.     Specifically, the damage to Plaintiff's commercial property occurred as a result of a wind/hail storm that occurred on MARCH 22, 2017.  Accordingly, it has been well over sixty (60) days since the date the damage occurred to the Plaintiff's commercial property (in accordance with Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

III.   **Unfair Settlement Practices / Bad Faith (THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT and JOHN P. GAY)**

A.   **Actionable Conduct of Defendant (THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT.)**

24.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

25.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

26.     Defendants violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3      failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)      failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)      refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

27.      Defendants violated § 541.061 by:

(1)      making an untrue statement of material fact;

(2)      failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3      making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)      making a material misstatement of law; and

(5)      failing to disclose a matter required by law to be disclosed.

28.      At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

**B.      Actionable Conduct of Defendant (JOHN P. GAY)**

29.      Defendant GAY, as a contractor and/or adjuster assigned by TRAVELERS to assist with adjusting the Claim.  With regard to the adjuster Defendant named herein, Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril.  Said Defendant adjuster also misrepresented the

6

true cost of repairing all of the damages caused by the storm, such as damages to the structure, the roof, exterior, and other extra expenses associated with damage caused by a wind/hail storm. Consequently, Defendant denied the claim to the detriment of the insured.  The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared.   Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code.  The Defendant adjuster misled Plaintiff.  The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

30.    GAY's adjustment of the claim fraudulently, wrongfully, deceptively and negligently denied the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiffs receiving nothing from TRAVELERS to cover the losses sustained by Plaintiffs to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and conditions of the Policy for which Plaintiffs were responsible.

31.    Defendant GAY conducted a substandard and incomplete inspection of Plaintiff's Property.  Plaintiff's damages were noted in an inaccurate report and/or estimate of Plaintiff's Storm damages, dated July 5, 2017.  GAY stated after inspection of Plaintiff's property, there was no hail damage found to the roof surface.  As such, Plaintiff's claim was denied.

32.    Further, the above-named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual

inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages.  These actions on the part of this named adjuster resulted in a denial of payment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business.  The above-named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision.  The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

33.     As a result of GAY's material misrepresentation, TRAVELERS wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property.  Consequently, TRAVELERS breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

34.     GAY failed to and/or refused to properly interview the Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition.

## IV.    Breach of Duty of Good Faith and Fair Dealing Against THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT.

35.     Defendant, TRAVELERS, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when TRAVELERS knew or should have known liability was reasonably clear.  Defendant, TRAVELERS is therefore liable to Plaintiff.

36.     The mishandling of Plaintiffs' claim has also caused a delay in the ability to fully repair the Property, which has resulted in additional damages.   To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy and have not been able to fully repair or replace the damage to the insured Property.

**V.     Attorneys' Fees**

37.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

38.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

39.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

40.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII. DEMAND FOR JURY

41.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. DISCOVERY REQUESTS

42.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

43.     You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:     (210) 562-2888
Telecopier:    (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

11

## PLAINTIFF' FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff(s) in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Marc K. Whyte, WHYTE PLLC, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to WHYTE PLLC. You are also advised that you are under a duty to seasonally amend your responses if you obtain information on the basis of which:

a.   You know the response made was incorrect or incomplete when made; or

b.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.   If you claim that any document which is required to be identified or produced by you in any response is privileged:
   1.   Identify the document's title and general subject matter;
   2.   State its date;
   3.   Identify all persons who participated in its preparation;

12

4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D.   "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.   "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.   In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.   If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.   "Plaintiff" and "Plaintiff'" includes all Plaintiff, and refers to a single Plaintiff or multiple Plaintiff, if applicable.

I.   "Property" means the property at issue in the lawsuit.
   J.   "Lawsuit" means this lawsuit.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:    (210) 562-2888
Facsimile:    (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
          MARC K. WHYTE
          State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

14

## INTERROGATORIES TO DEFENDANT

1. Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

   ANSWER:

2. Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   ANSWER:

3. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

   ANSWER:

4. Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

   ANSWER:

5. Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

   ANSWER:

6. At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

   ANSWER:

7. Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

   ANSWER:

8.  Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

    ANSWER:

9.  Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiff' claim, identify those modifications.

    ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

    ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

    ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

    ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

    ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

    ANSWER:

## REQUESTS FOR PRODUCTION TO DEFENDANT

1.    The following insurance documents issued for the Property as identified in the Petition:
      a.  the policy at issue for the MARCH 22, 2017 as identified in the
      Petition; and b.  the policy declarations page for the 3 years preceding the
      storm and any endorsements.

      RESPONSE:

2.    Produce underwriting files and documents relating to the underwriting for all insurance
      policies for the Property at issue. This request is limited to the past 5 years. To the extent
      Defendant contends that the underwriting file or documents older than 5 years impact the
      damages or coverage, produce that underwriting file or document.

      RESPONSE:

3.    All documents relating to the condition or damages of the Property or any insurance
      claim on the Property.

      RESPONSE:

4.    All documents relating to any real property insurance claims made by the Plaintiff(s).
      This request is limited to the past 5 years. To the extent Defendant contends that
      documents older than 5 years impact the damages or coverage, produce that document.

      RESPONSE:

5.    All requests for information to any third party about the Property, the Plaintiff(s), or the
      claims made the basis of this Lawsuit.

      RESPONSE:

6.    All documents used to instruct, advise, guide, inform, educate, or assist provided to any
      person handling the claim made the basis of this Lawsuit that related to the adjustment of
      this type of claim, i.e., hail property damage.

      RESPONSE:

7.    All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or
      created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is
      limited to the past 5 years. To the extent Defendant contends that any document older than
      5 years impact the damages or coverage, produce that document.

      RESPONSE:

8.    Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

   RESPONSE:

9.    A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

   RESPONSE:

10.   If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

   RESPONSE:

11.   All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

   RESPONSE:

12.   All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

   RESPONSE:

18

13.   All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the MARCH 22, 2017 claimed by Plaintiff(s).

RESPONSE:

14.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff' claim.

RESPONSE:

15.   The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

RESPONSE:

## FIRST SET OF REQUESTS FOR ADMISSIONS
## TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1.**  Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**  Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.**  Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:     (210) 562-2888
Facsimile:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

21

## PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within

fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-

(k), as described below:

(a)    the correct names of the parties to the lawsuits;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual basis of Plaintiff' claims;

(d)    the amount and any method of calculating economic damages;

(e)    the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)    for any testifying expert:

    (1)    the expert's name, address and telephone number;

    (2)    the subject matter on which the expert will testify;

    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;

    (4)    if the expert is retained, employed by or otherwise subject to the control of Plaintiff:

        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

        (B)    the expert's current resume and bibliography;

(g)    any indemnity or insuring agreements;

(h)    any settlement agreements, described in Rule 192.3(g);

(i)    any witness statements, described in Rule 192.3(h);

(j)    all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses

within fifty (50) days after service of this request.

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce responsive documents to WHYTE PLLC, 1045 Cheever Blvd, Suite 103, San Antonio, Texas 78217.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:    (210) 562-2888
Facsimile:    (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
     MARC K. WHYTE
     State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

23

# Exhibit A-2-c

# FORM NO. 353-3 – CITATION
## THE STATE OF TEXAS

To:

THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN TX 78701

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 44th District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being A&S SPRING VALLEY HOLDINGS LLC

Filed in said Court 31st day of August, 2017 against

THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT AND JOHN P. GAY

For Suit, said suit being numbered DC-17-11324, the nature of which demand is as follows:
Suit on CNTR CNSMR COM DEBT etc. as shown on said petition REQUEST FOR DISCLOSURE, PRODUCTION, ADMISSIONS AND INTERROGATORIES, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 11th day of September, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _____, Deputy
BELINDA HERNANDEZ

---

## CITATION

DC-17-11324

A&S SPRING VALLEY HOLDINGS LLC
vs.
THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al

ISSUED THIS
11th day of September, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  BELINDA HERNANDEZ, Deputy

Attorney for Plaintiff
MARC K WHYTE
WHYTE PLLC
1045 CHEEVER BLVD
SUITE 103
SAN ANTONIO TX 78217
210-562-2888.

DALLAS COUNTY CONSTABLE
FEES NOT PAID
FEES PAID

# OFFICER'S RETURN

Case No.: DC-17-11324

Court No.44th District Court

Style: A&S SPRING VALLEY HOLDINGS LLC

vs.

THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al

Came to hand on the _12th_ day of _September_ 20 _17_, at _8:20_ o'clock _A_ .M. Executed at _Austin, TX 78701-3218_

within the County of _____ at _9:01_ o'clock _A_ .M. on the _14th_ day of _September_

20 _17_, by delivering to the within named _The Travelers Indemnity Company of Connecticut_

_by serving its registered agent Corporation Service Company by_

_certified mail return receipt received and signed by Chris Saizan_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation    $ _76.00_                    _Chris Saizan_

For mileage    $ _____                       of _____ County,

For Notary    $ _____                       By _Blinda Bueno_ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ , 20 _____ .

to certify which witness my hand and seal of office.

_____
Notary Public

FILED

17 SEP 21 PM 10: 32

FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS

_____ DEPUTY

211 E. 7th St Ste 620
Austin, TX 78701-3218

FELICIA PITRE
Court DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

FELICIA PITRE
DISTRICT CLERK
GEORGE ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689



9214 8901 0661 5400 0112 1669 28

**RETURN RECEIPT (ELECTRONIC)**

**DC-17-11324/DPRO/BH**

THE TRAVELERS INDEMNITY COMPANY OF CONNETICUT
BY SERVING REGISTERED AGENT CORPORATION SERVICE
COMPANY
211 E 7TH ST STE 620
**AUSTIN, TX  78701-3218**

....................................................................... CUT / FOLD HERE .......................................................................

....................................................................... 6"X9" ENVELOPE
CUT / FOLD HERE .......................................................................

....................................................................... CUT / FOLD HERE .......................................................................



**UNITED STATES**
**POSTAL SERVICE.**

Date: September 14, 2017

MAIL MAIL:

The following is in response to your September 14, 2017 request for delivery information on your Certified Mail™/RRE item number 92148901066154000112166928. The delivery record shows that this item was delivered on September 14, 2017 at 9:01 am in AUSTIN, TX 78744. The scanned image of the recipient information is provided below.

Signature of Recipient :

Delivery Section

Chris Saizan

Address of Recipient :

211 E. 7th # 620

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Reference ID: 92148901066154000112166928
DC-17-11324/DPRO/BH
THE TRAVELERS INDEMNITY COMPANY OF CONNETICUT
BY SERVING REGISTERED AGENT CORPORATION SERVICE
COMPANY
211 E 7th St Ste 620
Austin, TX  78701-3218

Exhibit A-2-d

# FORM NO. 353-3 - CITATION

## THE STATE OF TEXAS

To:

**JOHN P. GAY**
**1301 E COLLINS BLVD**
**RICHARDSON TX 75081-2474**

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 44th District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **A&S SPRING VALLEY HOLDINGS LLC**

Filed in said Court 31st day of August, 2017 against

**THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT AND JOHN P. GAY**

For Suit, said suit being numbered **DC-17-11324**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE, PRODUCTION, ADMISSIONS AND INTERROGATORIES,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.

Given under my hand and the Seal of said Court at office this 11th day of September, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _____, Deputy
BELINDA HERNANDEZ

---

## CERT MAIL

### CITATION

DC-17-11324

A&S SPRING VALLEY HOLDINGS LLC
vs.
**THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al**

ISSUED THIS
**11th day of September, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  BELINDA HERNANDEZ, Deputy

**Attorney for Plaintiff**
MARC K WHYTE
WHYTE PLLC
1045 CHEEVER BLVD
SUITE 103
SAN ANTONIO TX 78217
210-562-2888

DALLAS COUNTY CONSTABLE
FEES NOT PAID
FEES PAID

## OFFICER'S RETURN

Case No.: DC-17-11324

Court No.44th District Court

Style: A&S SPRING VALLEY HOLDINGS LLC

vs.

THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al

Came to hand on the ___12th___ day of ___September___ 20 ___17___, at ___8:20___ o'clock ___A___.M. Executed at ___Richardson,TX 75081-2474___

within the County of _____, at ___12:22___ o'clock ___P___.M. on the ___14th___ day of ___September___

20 ___17___, by delivering to the within named ___John P. Gay___ by certified

___mail restricted delivery return receipt received and___

___signed by K. Evans___

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

For serving Citation    $ 76.00        ___K. Evans___

For mileage             $ _____      of _____ County,

For Notary              $ _____      By ___Belinda Moore___ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ____,

to certify which witness my hand and seal of office.

                                        _____ Notary Public _____ County

FILED

17 SEP 21  PM 10: 32

FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS

1301 E Collins DR@Blvd.

FELICIA PITRE
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

**FELICIA PITRE**
**DISTRICT CLERK**
**GEORGE ALLEN SR COURT BLDG**
**600 COMMERCE ST STE 103**
**DALLAS, TX 75202-4889**



9214 8901 0661 5400 0112 1674 82

**RETURN RECEIPT (ELECTRONIC)**

**DC-17-11324/DPRO/BH**

JOHN P GAY
1301 E COLLINS BLVD
**RICHARDSON, TX  75081-2474**

--------------------------------- CUT / FOLD HERE ---------------------------------

--------------------------------- 6"X9" ENVELOPE ---------------------------------
CUT / FOLD HERE

--------------------------------- CUT / FOLD HERE ---------------------------------


**UNITED STATES**
**POSTAL SERVICE.**

Date: September 14, 2017

MAIL MAIL:

The following is in response to your September 14, 2017 request for delivery information on your Certified Mail™/RRE item number 92148901066154000112167482.  The delivery record shows that this item was delivered on September 14, 2017 at 12:22 pm in RICHARDSON, TX  75081. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000112167482
DC-17-11324/DPRO/BH
JOHN P GAY
1301 E Collins Blvd
Richardson, TX  75081-2474

Exhibit A-2-e

FILED
DALLAS COUNTY
10/9/2017 8:16 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-11324

| | | |
|---|---|---|
| A&S SPRING VALLEY HOLDINGS LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY OF CONNECTICUT AND | § | |
| JOHN P. GAY, | § | |
| | § | |
| Defendant. | § | |
| | § | 44TH JUDICIAL DISTRICT |

## DEFENDANTS' ANSWER TO
## PLAINTIFF'S ORIGINAL PETITION

Defendants The Travelers Indemnity Company of Connecticut ("Travelers") and John P. Gay ("Gay") file the following Answer to Plaintiff's Original Petition and state:

### I.
### GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants Travelers and Gay (collectively, "Defendants") generally deny each and every allegation contained in Plaintiff's Original Petition and demand strict proof thereof. By this general denial, Defendants demand that Plaintiff prove every fact in support of its claims for breach of contract, violations of the Texas Insurance Code, and violations of the duty of good faith and fair dealing by a preponderance of the evidence.

### II.
### SPECIAL DENIAL

2.     Defendants specifically deny that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit. For example, Plaintiff failed to provide Defendants timely written notice of its statutory claims in this matter as expressly required by Section 541.154 of

the Texas Insurance Code, thereby precluding Plaintiff from prevailing on any such claims. Plaintiff also failed to properly present its claim for attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code, thereby precluding Plaintiff's recovery of any such fees in this action. Plaintiff's claims are barred, in whole or in part, by its failure to satisfy these (and other) conditions precedent to the recovery Plaintiff seeks in this action.

3.      Discovery in this matter is ongoing and Defendants reserve the right to assert that Plaintiff has failed to meet other conditions precedent required under Texas statute, Texas law, and/or Travelers Policy No. IE660-7A826809, with effective dates of coverage from December 10, 2016 through December 10, 2017 ("Policy").

### III.
### AFFIRMATIVE DEFENSES

4.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants set forth the following affirmative defenses to the allegations in Plaintiff's Original Petition:

a.      Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's Original Petition fails to state a claim against Defendants upon which relief can be granted

b.      Plaintiff's claims are subject to (and barred, in whole or in part, by) the terms, conditions, limitations, exclusions, and deductibles set forth in the Policy, including (without limitation) the Policy's wind/hail deductible.

c.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff did not occur during the Policy's period of coverage (as required by the Policy).

d.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was not caused by (or did not result from) a Covered Cause of Loss or Covered Causes of Loss (as required by and defined in the Policy).

e.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks coverage under the Policy for physical loss or damage to property other than Covered Property (as defined in the Policy).

f.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding wear and tear,

g.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding rust, corrosion, decay, deterioration, latent defect, or any quality in property that caused it to damage or destroy itself.

h.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding faulty, inadequate or defective: design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance.

i.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss (as required by the Policy).

j.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the property from further damage. Plaintiff's recovery under the Policy and Texas law, if any, must be offset and reduced accordingly.

k.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiff.

l.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of third parties over whom Defendants have and/or had no control.

m.      A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Travelers and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiff without facing extra-contractual liability. Travelers would show that a bona fide controversy exists regarding: (i) the existence and/or scope of any covered loss or damage; (ii) whether and to what extent any asserted loss or damage was the result of a covered occurrence or occurrences; (iii) the reasonable and necessary measures to repair any covered loss or damage; and (iv) the reasonable and necessary measures to repair any covered loss or damage.

5.      Defendants further reserve the right to assert additional affirmative defenses as this litigation proceeds.

## IV.
## RESERVATION OF RIGHTS

6.      By appearing and answering herein, Defendants do not waive, and expressly reserve, all rights and defenses that Defendants may have (or that may arise) under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Defendants may have (or that may arise) under the Policy and/or applicable law.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Travelers Indemnity Company of Connecticut and John P. Gay pray that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other and further relief to which Defendants may be justly entitled, whether at law or in equity.

Respectfully submitted,

ZELLE LLP

By:_____/s/ Jennifer L. Gibbs_____
James W. Holbrook, III
Texas Bar No. 24032426
jholbrook@zelle.com
Jennifer L. Gibbs
Texas Bar No. 24050656
jgibbs@zelle.com
Walter W. Cardwell IV
wcardwell@zelle.com
Texas Bar No. 24094419

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:   241-742-3000
Facsimile:    214-760-8994

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Answer to Plaintiff's Original Petition has been served on October 9, 2017 in accordance with the Texas Rules of Civil Procedure as follows:

Marc K. Whyte
**WHYTE PLLC**
1045 Cheever Boulevard, Suite 103
San Antonio, Texas 78217
Telephone: (210) 562-2888
Facsimile: (210) 562-2873
E-Mail: mwhyte@whytepllc.com
E-Mail: jsaenz@whytepllc.com
*Counsel for Plaintiff*

_/s/ Jennifer L. Gibbs_
Jennifer L. Gibbs

Exhibit A-2-f



CAUSE NO. DC-(   17-11324   )

A&S SPRING VALLEY HOLDINGS LLC,
                                    *Plaintiff(s)*,

v.

THE TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, et al,
                                    *Defendant(s)*.

In the District Court
of Dallas County, Texas
44th Judicial District

# ORDER SETTING SCHEDULING CONFERENCE AND NOTICE OF POLICIES

In accordance with Rule 166, 190 and 192 of the Texas Rules of Civil Procedure, the parties or their attorneys are ORDERED to appear for a scheduling conference to address those matters stated in those Rules on the following date and time: *November 3, 2017 @9:00 a.m.*, or alternatively **dismissal for want of prosecution** for failure to comply with the Courts order for the submission and entrance of a scheduling order. *The Court prefers that counsel submit an agreed Scheduling Order in lieu of attending the scheduling conference hearing. Upon receipt of the signed order, the hearing will be canceled.*

## THE PARTIES ARE ORDERED TO CONFER BEFORE THE CONFERENCE.

The conference will not be required if the parties file an agreed scheduling order. One of the two Modified Uniform Scheduling Orders is attached. The date by which the case will be ready for trial (the "Initial Trial Setting") as indicated in the forms must be on a Monday not a holiday, and must be in the following range: *PLEASE USE THE ATTACHED MODIFIED UNIFORM SCHEDULING ORDER, LEVELS 1-2 or 3.*

| | | |
|---|---|---|
| Level 1 | 6-12 months | from the date of initial filing of the case |
| Level 2 | 12-18 months | from the date of initial filing of the case |
| Level 3 | 18-24 months | from the date of initial filing of the case |

*Requests for variations from the attached forms, even if agreed, must be made at the scheduling conference. Failure to attend the scheduling conference may result in the entry of an order of dismissal for want of prosecution or other sanctions:*

The parties are directed to take notice of the following court policies:

Service of Papers Filed with the Court. — Other than original petitions and any accompanying applications for temporary restraining order, any documents filed with the Court that relate to requests for expedited relief or to matters set for hearing within seven days of filing must be served upon all opposing parties in a manner that will ensure receipt of the papers by them on the same day the papers are filed with the Court or District Clerk.

Uncontested or Agreed Matters. — The Court does not require a separate motion or hearing on agreed matters, except for continuances in cases over one year old or as otherwise provided. All uncontested or agreed matters should be presented with a proposed form of order and should reflect the agreement of all parties either (a) by personal or authorized signature on the form of order, or (b) in the certificate of conference on the motion.

Submission of Orders. — Except for proposed orders tendered at a hearing, proposed orders on contested matters should be submitted by the prevailing party after notification of the Court's ruling. Proposed orders should be tendered to the opposing party at least two working days before they are submitted to the Court. The opposing party must either approve the proposed order as to form or file objections in writing with the Court within one week of the submission of the proposed order. If an order is not approved as to form and no objections are filed within seven days of the submission of the proposed order, the Court will deem the proposed order to be approved as to form. Parties are encouraged, however, to bring a proposed order to the hearing.

Briefs. — The Court will use its best efforts to review all motions and briefs before any hearing. Except in case of emergency, any briefs relating to a motion (other than for summary judgment) that is set for hearing must be filed with the clerk of the Court no later than two working days before the scheduled hearing, or with the District Clerk no later than three working days before the scheduled hearing. Briefs in support of a motion for summary judgment must be filed with that motion; briefs in opposition to a motion for summary judgment must be filed at or before the time the response is due. Briefs not filed in accordance with this paragraph likely will not be considered.

## COURT SPECIFIC POLICIES

Telephone Hearings. — Participation in hearings by telephone is encouraged. Arrangements should be made with the Court Administrator. (For parties out of town)

Default and Minor Prove-Ups. — Unless instructed otherwise by the Court, default judgments should be made through affidavits; minor prove-ups shall be set for a hearing through the District Clerk.

Continuances. — In cases on file for more than one year, any motion requesting a continuance of trial must be signed by all parties requesting such a continuance, as well as by counsel. A single agreed continuance of 60-90 days, including extension of pretrial deadlines, will typically be granted; subsequent requests are rarely granted. Reset or continuance will not otherwise affect any of the pretrial deadlines unless specifically provided in the Order.

Alterations or Additional Deadlines Permitted. -- The forms attached must be used, but, other than paragraphs 1 or 5 and except as limited by the Rules of Civil Procedure, *different or additional deadlines* do not require an appearance at the scheduling conference and should be made through Rule 11 Agreements. SIGNED October 9, 2017.

District Judge Bonnie Lee Goldstein

# Exhibit A-3

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| A&S SPRING VALLEY HOLDINGS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:17-cv-02841 |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY OF CONNECTICUT AND | § | |
| JOHN P. GAY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S
CERTIFICATE OF INTERESTED PERSONS AND
RULE 7.1 DISCLOSURE STATEMENT**

Pursuant to Local Rule 81.1(a)(4)(D), Local Rule 3.1(c) and Federal Rule of Civil Procedure 7.1, Defendant The Travelers Indemnity Company of Connecticut submits the following Certificate of Interested Persons and Rule 7.1 Disclosure Statement.

1.      As a nongovernmental corporate party, Defendant The Travelers Indemnity Company of Connecticut states that The Travelers Indemnity Company of Connecticut is 100% owned by The Phoenix Insurance Company, which is 100% owned by The Travelers Indemnity Company, which is 100% owned by Travelers Insurance Group Holdings, Inc., which is 100% owned by Travelers Property Casualty Corp., which is 100% owned by The Travelers Companies, Inc. The Travelers Companies, Inc. is the only publicly held company in the corporate family. No individual or corporation owns 10% or more of the stock of The Travelers Companies, Inc.

2.      Defendant The Travelers Indemnity Company of Connecticut believes the following to be a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities which may have a financial interest in the outcome of this litigation:

a. <u>Plaintiff</u>: A&S Spring Valley Holdings LLC;

b. <u>Defendant</u>: The Travelers Indemnity Company of Connecticut;

c. <u>Defendant</u>: John P. Gay;

d. <u>Counsel for Plaintiff</u>:   Marc K. Whyte, WHYTE PLLC, 1045 Cheever Boulevard, Suite 103, San Antonio, Texas 78217;

e. <u>Counsel for Defendant The Travelers Indemnity Company of Connecticut</u>: James W. Holbrook, III, Jennifer L. Gibbs, and Walter W. Cardwell IV of ZELLE LLP, 901 Main Street, Suite 4000, Dallas, Texas 75202; and

f. <u>Counsel for Defendant John P. Gay</u>:   James W. Holbrook, III, Jennifer L. Gibbs, and Walter W. Cardwell IV of ZELLE LLP, 901 Main Street, Suite 4000, Dallas, Texas 75202.

3.      If new parties are added to this lawsuit, or if additional persons or entities that are financially interested in the outcome of this litigation are identified during the pendency of this litigation, Defendant The Travelers Indemnity Company of Connecticut will file an amended certificate.

Respectfully submitted,

ZELLE LLP

By:   <u>*/s/ James W. Holbrook, III*</u>
James W. Holbrook, III
Texas Bar No. 24032426
jholbrook@zelle.com
Jennifer L. Gibbs
Texas Bar No. 24050656
jgibbs@zelle.com
Walter W. Cardwell, IV
Texas Bar No. 24094419
wcardwell@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:     214-742-3000
Facsimile:     214-760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on all counsel of record on October 16, 2017, in accordance with the Federal Rules of Civil Procedure, as follows:

Marc K. Whyte
**WHYTE PLLC**
1045 Cheever Boulevard, Suite 103
San Antonio, Texas 78217
Telephone:     210-562-2888
Facsimile:      210-562-2873
E-Mail: mwhyte@whytepllc.com
E-Mail: jsaenz@whytepllc.com
***Counsel for Plaintiff***

                                              */s/ James W. Holbrook, III*
                                              James W. Holbrook, III